United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, <br> Plaintiff <br><br> v. <br><br> Edwin Castillo, <br> Defendant. | ) <br> ) <br> ) <br> ) Criminal Case No. 21-20491-CR-Scola <br> ) <br> ) <br> ) |

**Order Denying Motion for Sentence Reduction**

This matter is before the Court on the Defendant Edwin Castillo's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Def.'s Mot., ECF No. 268.) Castillo seeks a sentence reduction based upon "the Criminal History Amendment Part B – Zero Criminal History Point Offenders." (*Id.*) The Government responded opposing the motion. (ECF No. 270.) After reviewing the motion, the record, and the relevant legal authorities, the Court **denies** Castillo's motion for a reduction of sentence. (**ECF No. 268**.)

1. **Background**

On September 29, 2021, a federal grand jury indicted Castillo and his co-defendants with conspiracy to commit bank fraud, bank fraud, aggravated identity theft, and conspiracy to commit money laundering. (ECF No. 3.) Castillo pleaded guilty to conspiracy to commit bank fraud and aggravated identity theft, and the Government dismissed the other charges. (ECF No. 112.) At sentencing, the Court determined that Castillo had a total offense level of 16, a criminal history category of I, and an advisory guideline range of 21-27 months, plus mandatory 24 months to be served consecutively on the aggravated identity theft count. (ECF Nos. 146, 150, 160.) The Court sentenced Castillo to 36 months of imprisonment and five years of supervised release. (J. 2-3, ECF No. 168.)

Since Castillo was sentenced, the United States Sentencing Commission issued a sentencing adjustment for certain zero-point offenders, which provides, in relevant part, for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors" ("Amendment 821"). Castillo now seeks retroactive application of Amendment 821 to the Court's judgment sentencing him to 36 months in prison and five years of supervised release.

### 2. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582 (emphasis added). Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A).

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

As noted, the retroactive amendment that Castillo invokes here is

Amendment 821—the adjustment for certain zero-point offenders. *See* U.S.S.G. § 4C1.1. Pursuant to Amendment 821, a defendant is eligible for a two-level reduction in his offense level, if he meets all the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

*See id.*

Here, the Court need not determine whether Castillo meets these criteria because a reduction of his sentence would not be consistent with Amendment 821's applicable policy statements. Specifically, if the Court were to apply Amendment 821 to Castillo's guideline range, it would result in an offense level of 14, with a criminal history category of I, and a new guideline range of 15-21 months, plus the mandatory 24 months to be served consecutively on the aggravated identity theft count. The new guidelines range, in sum, would be 39-45 months.

Pursuant to the applicable policy statement, the Court cannot reduce Castillo's term of imprisonment below the minimum of the amended guideline range—*i.e.*, below 39 months.  *See* U.S.S.G. § 1B1.10(b)(2)(A); *see also Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 2691 (2010) ("The court is also constrained by the Commission's statements dictating by what amount the sentence of a prisoner serving a term of imprisonment affected by the amendment may be reduced." (cleaned up)). Because the Court's judgment imposed a sentence of 36 months, which is below the new guideline range, the

Court is precluded by the applicable policy statement from reducing Castillo's sentence pursuant to § 3582(c)(2). Because Castillo's original sentence is shorter than the bottom of the new guidelines range and because the Government never filed a motion based on substantial assistance by Castillo, the Court **denies** Castillo's motion. (**ECF No. 268**.) Moreover, because a reduction in Castillo's sentence would be inconsistent with the applicable policy statements, the Court need not consider the § 3553(a) factors.

**Done and ordered** at Miami, Florida on May 17, 2024.

Robert N. Scola, Jr.
United States District Judge